UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANDREW M. HUNTING, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 4:08-cv-03651 |
| | § | |
| BASF CORPORATION, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff's Motion to Remand. (Doc. No. 6.) After considering the parties' filings and the applicable law, the Court finds that Plaintiff's Motion should be denied.

### I. MOTION TO REMAND

This case arises out of Plaintiff Andrew M. Hunting's arrest for criminal trespass onto a chemical plant in Freeport, Texas. Plaintiff filed suit in the District Court of Harris County, Texas, for malicious criminal prosecution and false imprisonment. In his state court petition, Plaintiff sought compensatory and exemplary damages as well as costs and attorneys fees. (Doc. No. 1, Ex. B.) Plaintiff "seeks monetary relief aggregating more than $50,000." (*Id.*) Defendant BASF Corporation ("BASF") filed a notice of removal, asserting federal jurisdiction based on diversity.

Plaintiff now claims that federal jurisdiction is not proper because there is no federal question at issue and the amount in controversy does not exceed $75,000. 28

1

U.S.C. § 1331-32. Plaintiff is willing to stipulate that he seeks less than $75,000.[1] (Doc. No. 6, Ex. A.) Defendant BASF Corporation's responds that the case should not be remanded because it is facially apparent that Plaintiff's claims exceed the jurisdictional amount.

### A. Standard

Diversity jurisdiction exists only when the adverse parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. The amount is determined at the time of filing the notice of removal, based on the then-existing state court petition, exclusive of interest and costs. 28 U.S.C. § 1332; *See also White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003); *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *St. Paul Reinsurnace Co., Ltd. v. Greenburg*, 134 F.3d 1250, 1253 (5th Cir. 1998). If a state statute provides for attorney's fees, they are included in the amount in controversy. *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d at 723 (internal citations omitted).

When the complaint does not allege a specific amount of damages,[2] the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir.), *cert. denied*, 116 S.Ct. 180 (1995); *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993). "The district court must first examine the complaint to determine whether it is 'facially apparent' that the claims exceed the jurisdictional amount. If it is not thus

---

[1] While he is willing to stipulate that the amount in controversy is less than $75,000, Plaintiff is unwilling to stipulate that "he will not seek to recover any amount over $75,000, excluding interest and costs, from Defendant BASF Corporation at any time during the pendency of the suit or for any of the claims asserted or that could have been asserted in the suit." (Doc. No. 8, Ex. C.)

[2] Under Texas law, plaintiffs with an unliquidated claim are to plead only that the damages sought are within the jurisdictional limits of the court. TEX. R. CIV. P. 47.

apparent, the court may rely on 'summary judgment-type' evidence to ascertain the amount in controversy." *White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003) (quoting *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998)); *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326 (5th Cir. 1995) (removal cannot be based on conclusory allegations). If the defendant meets this burden, the plaintiff must show that, "as a matter of law, it is certain that he will not be able to recover more than the damages for which he has prayed in the state court complaint." *De Aguilar v. Boeing Co.*, 47 F.3d at 1411. Any ambiguities are construed against removal. *See Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d at 723.

In some circumstances, post-removal affidavits may be relevant when the jurisdictional amount question is unresolved and the affidavit clarifies an ambiguous petition. *See Asociacion Nacional de Pescadores ("ANPAC") v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir.), *cert. denied* 510 U.S. 1041 (1993) (holding that an affidavit may be relevant when (1) the complaint does not allege an amount of damages and it is not facially apparent that the damages are likely to exceed the jurisdictional limit; (2) defendants offered only conclusory statements about the jurisdictional amount that were not based on any direct knowledge about the claims; and (3) plaintiff presented an uncontested, sworn affidavit that the jurisdictional amount in controversy was not present); *De Aguilar v. Boeing Co.*, 11 F.3d 55, 57 (5th Cir. 1993). Where the defendant provides precedent and testimonial evidence that damages would likely exceed the jurisdictional limit, the plaintiff's affidavit is rebutted and *ANPAC* does not apply. *See, e.g., De Aguilar v. Boeing Co.*, 11 F.3d at 57. Likewise, if it is facially apparent from the petition that the amount in controversy exceeds $75,000, post-removal

stipulations "reducing" the amount in controversy do not deprive the district court of jurisdiction. *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).

### B. Analysis

Courts consider the types of claims, in addition to the damages alleged, to establish whether it is facially apparent that claimed damages exceed $75,000. *See, e.g. Gipson v. Wal-Mart Stores, Inc.*, No. Civ. A. H-08-2307, 2008 WL 4844206, at *4 (S.D. Tex. Nov. 3, 2008) (holding that false imprisonment and other claims for compensatory and punitive damages including lost wages, lost future opportunity, mental anguish exceeded $75,000); *Sorenson v. Ashmore*, 4 F.Supp. 2d 669, 670 (E.D. Tex. 1998) (claims of sexual harassment, battery, false imprisonment facially exceeded the jurisdictional limit).

Here, it is facially apparent that compensatory and exemplary damages from successful false imprisonment and malicious prosecution claims will exceed $75,000. *See Montgomery Ward & Co. v. Garza*, 660 S.W.2d 619, 622 (Tex. App.—Corpus Christi 1993, no writ) (upholding $50,000 jury award for actual damages arising from false imprisonment). In addition to his compensatory damages, Plaintiff asks for exemplary damages, which, under Texas law, are the greater of twice the economic damages in addition to an amount equal to the non-economic damages (not to exceed $750,000) or $200,000. TEX. CIV. PRAC. & REM. CODE § 41.008. Given the nature of Plaintiff's claims, the kinds of damages sought, and his allegations that exemplary damages are appropriate, it is facially apparent that Plaintiff seeks damages in excess of $75,000. Because it is facially apparent, the Court will not consider Plaintiff's proposed stipulation.

### II. CONCLUSION

4

5

Plaintiff's Motion to Remand is **DENIED**.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the ____30th____ day of March, 2009.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO ENSURE PROPER NOTICE, EACH PARTY WHO RECEIVES
THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY
OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH
THEY MAY HAVE BEEN SENT ONE BY THE COURT.**